United States District Court
Southern District of Texas
ENTERED

JUL 2 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FELICIANO MARTINEZ )
)
v. ) C.A. No. B-00-42
)
HON. JANET RENO, and )
E.M. TROMINSKI, INS DISTRICT )
DIRECTOR )
_____)

ORDER GRANTING WRIT OF HABEAS CORPUS

Upon consideration of the (verified) Petition for Writ of Habeas Corpus, the Exhibits, the joint motion of the parties, and good cause appearing therefore, the Court makes the following findings of fact, conclusions of law, and enters the following Order:

I.   FINDINGS OF FACT

1. Petitioner Feliciano Martinez was born December 18, 1979, in Los Angeles, California, and is a United States citizen. On March 2, 2000, Mr. Martinez presented himself for inspection at the port of entry in Brownsville, Texas. He presented his California birth certificate,[1] Texas driver's license, and his Social Security card. The agent on duty suspected that they were fraudulent, and for reasons not pertinent to the instant action, Mr. Martinez signed a declaration to that effect.

2. After he signed this document, Mr. Martinez was taken before a United States Magistrate, where he was charged, and convicted, of having attempted to enter by means of a false claim to United States citizenship, *U.S. v. Martinez-Martinez,* Cr. No. B-00-1403.

---

[1] The birth certificate presented was a replacement. The "original" California birth certificate, issued February 29, 1980, was tendered later. (*See*, Petitioner's Exhibit B).

A separate action to vacate that conviction is pending. He was thereafter ordered removed under the expedited removal procedures of 8 U.S.C. 1225(b)(1), and returned to Mexico.

3. After the instant action was filed, Petitioner was paroled into the country, while his claim to U.S. citizenship was investigated. Ultimately, Respondents determined that his documents were, in fact, valid, and that Mr. Martinez is, indeed, a United States citizen. They admitted him as a U.S. citizen, and joined him in requesting that the Order of Expedited Removal be vacated, pursuant to 8 U.S.C. §1252(e)(2), on the grounds that he is **not** an alien. Petitioner has waived any claim to attorney's fees herein.

## II. CONCLUSION OF LAW

This Court has habeas corpus jurisdiction under 8 U.S.C. §1252(e)(2), to conduct judicial review of orders of expedited removal issued under 8 U.S.C. §1225(b)(1). Said jurisdiction encompasses, *inter alia,* a determination of whether Petitioner is an alien. 8 U.S.C. §1252(e)(2)(A).

## III. ORDER

IT IS THEREFORE ORDERED that the instant petition for writ of habeas corpus be, and the same hereby is, granted:

IT IS FURTHER ORDERED that the order of expedited removal of March 3, 2000, be, and the same hereby is, vacated.

DONE at Brownsville, Texas this 14th day of July, 2000

HON. FILEMON VELA
JUDGE PRESIDING

3